In re OLSEN.

O'NEILL v. LANGE et al.
No. 349.

Circuit Court of Appeals, Second Circuit.
April 2, 1934.

254

Gustav Lange, Jr., and Richard C. Wagner, both of New York City, appellants in person.

George C. Manning, Jr., of Brooklyn, N. Y., for trustee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Andrew Olsen was adjudged a bankrupt and an order appointing a receiver was made January 19, 1931. Prior thereto, in April, 1930, he commenced a proceeding, under the Judiciary Law of New York (Consol. Laws, c. 30), against his attorneys asking that they be directed to turn over to him a sum of money which he claimed was in their possession wrongfully. It was while that proceeding was pending before an official referee of the state Supreme Court that the petition in bankruptcy was filed. On the motion to punish for contempt, the affidavit submitted stated that the order appointing the temporary receiver contained the "usual stay" of all proceedings. The appellants moved, March 17, 1931, to vacate the stay in so far as it purported to stay the summary proceedings before the official referee. This was denied.

An adjudication in bankruptcy followed June 5, 1931, and the appellee became trustee July 13, 1931. A claim of $25,000 was filed by the firm of attorneys against whom the bankrupt proceeded, and a corporation, the Westchester Lakeland Corporation, which was organized and controlled by the attorneys, filed a claim for $38,839.30. These claims were disputed by the bankrupt, but the trustee did not move to expunge them. The trustee did move, in July, 1931, for leave to compromise by the exchange of releases. A request was made that an order entered granting this relief be vacated because sufficient notice was not given to the creditors. On July 22, 1933, the attorneys moved to dismiss the state court proceeding based upon the release given by the trustee, and the appellants opposed the same and made a cross-motion to appoint a referee in place of the official referee who had died. The trustee, although receiving notice, took no action, but contends that the appellant's cross-motion is a contempt of court. No stay or injunction was granted or applied for restraining the bankrupt from continuing the proceeding he had started and which was pending before the offi-

cial referee. The motion to dismiss the proceedings was denied, and another official referee was substituted August 14, 1933.

An order was entered permitting the compromise which is now pending for review in the District Court. Appellant moved October 6, 1933, to substitute a new referee; for this he is held in contempt.

The contempt consisted of an alleged violation of the order of January 19, 1931, and/or the order of March 27, 1931, which denied appellants' application to vacate the first-named order. The court held in abeyance the question of punishing, but restrained the appellants from acting for the bankrupt in the state court special proceeding.

 The moving papers in no way set forth the alleged restraint constituting "the usual stay" which it is alleged was breached by the appellants so as to place them in contempt of court. An order appointing a receiver expires with the appointment of a trustee. Section 2, subd. 3, Bankruptcy Act (11 USCA § 11 (3). Moreover, a stay granted upon the appointment of a receiver would be pursuant to section 11a of the Bankruptcy Act (11 USCA § 29 (a), which refers to suits or actions pending against a person at the time of the filing of the petition against him. To stay suits previously instituted by the bankrupt would require an order of the court obtained by the trustee. To constitute a contempt, the order must clearly express that which it is claimed was violated, and the violation must be sufficiently and clearly set forth in the motion papers. United States v. McGovern, 60 F.(2d) 880 (C. C. A. 2); O'Connell v. United States, 40 F.(2d) 201 (C. C. A. 2). The mere statement of a "usual stay" will not suffice; it is but a conclusion without statement of fact or law.

Section 11c, of the act (11 USCA § 29 (c), provides: "A trustee may, with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him."

 The order of January 19, 1931, stayed persons having process against the bankrupt from taking steps in any action in which the bankrupt was plaintiff or defendant, but it did not enjoin the bankrupt from prosecuting pending suits, and may not now be construed as enjoining his attorneys since he was free to continue the prosecution of his claim. The estate of the bankrupt is sufficiently protected for, if he obtains moneys as a result of the prosecution of the suit, he can be com-

pelled to turn it over to his trustee, or the trustee may take over the litigation under section 11c of the Bankruptcy Act. Dushane v. Beall, 161 U. S. 513, 16 S. Ct. 637, 40 L. Ed. 791; Sessions v. Romadka, 145 U. S. 29, 12 S. Ct. 799, 36 L. Ed. 609.

There was no violation of the order of January 19 by making the motion referred to in the moving papers, for neither the bankrupt nor his attorneys were stayed from prosecuting the summary proceedings against his former attorneys.

Moreover, the order of January 19, 1931, made pending the appointment of the trustee, lapsed and was superseded (section 2, subd. 3, Bankruptcy Act). By the appellants' attempting to preserve and continue the suit or claim of the bankrupt, they cannot be said to have willfully acted in violation of the order. What they did was an attempt to benefit the estate and in aid of creditors. If the trustee will not take over and proceed with the claim, the bankrupt is free to do so, and he or his attorney should not be harassed or interfered with. In any case, the appellants cannot be stayed until the bankrupt is. First Nat. Bank v. Lasater, 196 U. S. 115, 25 S. Ct. 206, 49 L. Ed. 408; Dushane v. Beall, 161 U. S. 513, 16 S. Ct. 637, 40 L. Ed. 791.

Likewise, there was no contempt of the order of March 27, 1931.

Order reversed.