## NATIONAL LABOR RELATIONS BOARD v. BELL OIL & GAS CO. et al.

### No. 8438.

Circuit Court of Appeals, Fifth Circuit.

Sept. 20, 1938.

For prior opinion, see 98 F.2d 405.

Charles Fahy, Gen. Counsel, National Labor Relations Board, Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, and Malcolm F. Halliday, National Labor Relations Board, all of Washington, D. C., and Gerhard Van Arkel, of New Orleans, La., for petitioner.

C. J. Brannan and O. R. Tipps, both of Wichita Falls, Tex., for respondents.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

In its opinion in this case, the court dealt solely with that part of the order of the Board relating to Bebermeyer's reinstatement as an employee. This seemed to be not only the main issue but the one upon which the other requirements of the order were dependent. Without doubt, it was the issue most stressed in the briefs and oral arguments of counsel.

In the petition for a rehearing, in addition to alleging that the court erred in its decision of this issue, emphasis is laid upon the contention that respondents are in contempt by reason of their failure to post notices in conspicuous places in the repressure plant, as required in the order, and to make Bebermeyer whole for any loss he may have sustained by reason of respondents' refusal to reinstate him.

Notices should be posted forthwith, if this part of the order has not already been complied with; but no direct issue as to the posting thereof is properly presented by the pleadings. The specific allegation (in paragraph 5 of the Board's petition to show cause) is that, upon information and belief, it appears "through correspondence and conversations" that the companies have not complied with the decrees of this court. This correspondence, exhibited in the application for the rule, shows that nothing was really at issue between the parties except the reinstatement of Bebermeyer. These exhibits control the subsequent allegations in the petition. Even now, the Board gives the court no assurance that the notices have not been posted.

There was nothing in the opinion or judgment of the court in this case, and we do not now intend, to relieve the respondents of the duty to post the notices and let them remain posted for a period of thirty days.

As to that portion of the order which requires respondents to make whole Bebermeyer for any loss he may have suffered by reason of their refusal to reinstate him, it does not appear, and is not even alleged, that Bebermeyer has sustained any loss. Moreover, compliance therewith is contingent upon Bebermeyer's reinstatement. Payment is ordered of wages

equivalent to what would have been earned by him during the periods from the date when the striking employees returned to work to November 12, 1936, and from the date of the order to the date of such offer of reinstatement, less an amount equivalent to the sums he may have earned elsewhere plus the fair value of whatever housing and lights respondents may have furnished him during the same periods. As one of the dates to which the wages are required to be paid is the date of the offer of reinstatement, necessarily this requirement is contingent upon the arrival of such date. If Bebermeyer is not entitled to be put to work because it would displace another man equally entitled to the job, the order is not violated by not offering him the job.

It is unnecessary to repeat anything in our original opinion. The views therein expressed as to the ambiguity of the order have not been altered by the briefs in support of a rehearing. While insisting that respondents reinstate Bebermeyer, the Board also insists that the other two union employees shall not be discriminated against on account of union membership or activities. This court is willing to take its share of the blame, if any, for the ambiguous order; but, since the ambiguity has been brought to our attention, we are not willing to punish for contempt litigants who are placed in a dilemma by an order which is self-contradictory.

In sending this case back for a clear order, the court asked for an expression of the intention of the Board as to whether Bebermeyer was to displace one of the two union men necessary to the operation of the plant. With this direct proposition before it, the Board did not specifically order respondents to reinstate Bebermeyer and discharge either Ebbs or Cope. In a contempt proceeding, we cannot by construction or otherwise rewrite the order of the Board to cure an ambiguity therein. The men in danger of dismissal are not parties to this proceeding, but they are said to be competent and well trained for the work, one of them a graduate of the University of Oklahoma and a petroleum engineer. It is further said that, when the respondents built their repressure plant in 1933, they went to these men and offered them a better job to leave their former employment, on the promise that, if they showed themselves capable, their present employment would be permanent.

It has been finally adjudicated that only two men are needed at the repressure plant, and that respondents may not be required to employ three. The two places are filled by union men. If the Board or the court intended for one of them to be discharged, it should have so stated. The intention is not clear from the order. The Board itself has never indicated that the discharge of one of them to make room for Bebermeyer would not be regarded as a discrimination on account of union membership or activities. If one of the men is discharged, the respondents have no assurance from the Board or any one in authority that they will not immediately be faced with another citation or become involved in another strike. To punish for contempt in these circumstances would be an injustice.

The petition for a rehearing is denied.