## CENTURY METALCRAFT CORPORATION v. FEDERAL TRADE COMMISSION.

### No. 7001.

Circuit Court of Appeals, Seventh Circuit.
May 18, 1940.

E. H. McDermott and Richard S. Old-berg, both of Chicago, Ill. (Wm. M. Emery, of Chicago, Ill., of counsel), for petitioner.

W. T. Kelley, Chief Counsel, Martin A. Morrison, Asst. Chief Counsel, Donovan R. Divet and James W. Nichol, Sp. Attys., all of Washington, D. C., for respondent.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This case comes before us on a petition to review and set aside an order of the Federal Trade Commission. The petitioner is a corporation of the State of Delaware with its principal office and place of business in Chicago, Illinois. The petitioner is engaged in interstate commerce and its business consists of the sale and distribution of kitchen utensils.

The Federal Trade Commission issued its complaint against petitioner for violation of the Federal Trade Commission Act,[1] and petitioner filed its answer in which it admitted all the material allegations of fact and waived all intervening procedure and further hearing in respect to said facts. Respondent made findings of fact and entered the usual cease and desist order.

The petitioner's contentions may be stated as follows:

(1) Item 5 of the Commission's order is unlawful because it enjoins the petitioner's use of its trade name although the complaint did not allege, nor did the Commission find as a fact, nor did petitioner agree or stipulate that the trade name or petitioner's use thereof was unlawful.

(2) The first clause of item 7 of the order should be modified by appending thereto "manufactured by competitors" for the reason that without these words the order goes beyond the scope of the complaint.

(3) The first clause of item 7 of the order substantially exceeds the scope of the complaint in respect both to its present and future operation.

The allegations of the complaint, which are material to petitioner's contentions, are disclosed by the following quoted excerpts:

"Paragraph One: * * * Respondent (petitioner) is now and since 1933 has been engaged in the sale and distribution of kitchen utensils under the trade name 'Silver Seal.' * * *"

"Paragraph Three: * * * The method chiefly employed by * * * (petitioner in advertising and selling) is the giving of manual demonstrations * * * These demonstrations are given generally before groups * * * and are accompanied by

---

[1] 15 U.S.C.A. § 41 et seq.

various statements and representations as to the character, nature, and quality of respondent's (petitioner's) said product and their effectiveness in use as hereinafter set forth."

"Paragraph Four: Among and typical of the statements and representations so made * * * in connection with the offering for sale, sale and distribution of said products in commerce as hereinabove alleged are those to the effect that said utensils, offered for sale and sold under the trade name 'Silver Seal', contain no aluminum * * *; that the method of cooking made possible by said utensils is new and revolutionary; that said utensils are more durable and more easily cleaned than are aluminum or granite utensils manufactured by competitors; * * *"

"By the means and in the manner aforesaid respondent (petitioner) further represents and implies that it manufactures the utensils offered for sale and sold by it and that said utensils contain an appreciable amount of silver. * * *"

"Paragraph Five: * * * The utensils offered for sale and sold by the respondent (petitioner) are not manufactured by the respondent (petitioner) and said utensils do not contain an appreciable amount of silver metal. * * *"

In paragraph 4 of its findings the Commission finds, in harmony with the allegations of paragraph 4 of the complaint, that among and typical of the statements and representations made by petitioner are those to the effect that the utensils offered for sale and sold under the trade name "Silver Seal" contain no aluminum, or such a small amount of aluminum that the presence of such metal is not noticeable, etc. And it is further found that "by the means and in the manner aforesaid" petitioner represents and implies that it "manufactures the utensils offered for sale and sold by it and that said utensils contain an appreciable amount of silver."

■ Item 5 of the cease and desist order is based upon paragraph 4 of the complaint and paragraph 4 of the Commission's finding. By item 5 of the order the petitioner is ordered to cease and desist from "representing through the use of the term 'Silver Seal,' or any other term or terms of similar import or meaning, as the trade name for said utensils, or in any other manner, that the usefulness, durability or value of such utensils is enhanced or affected by reason of silver

metal contained in such utensils." Petitioner construes item 5 of the order to require it to cease and desist from the use of the words "Silver Seal" as its trade name.

It is clear that the complaint did not allege, and that the Commission did not find, that the use of the trade name "Silver Seal", apart from verbal statements and representations, constituted a representation that "the usefulness, durability or value" of the utensils in question was "enhanced or affected by reason of silver metal contained in such utensils." And since there is no allegation in the complaint that the use of the trade name "Silver Seal" constitutes a representation that the utensils bearing such trade name contain an appreciable amount of silver, and since there is no finding to that effect, there is no justification in law for an order which prohibits the use by petitioner of its trade name, since such order must be predicated on the assumption that by the use of such trade name petitioner does in fact represent that the utensils bearing the trade name contain an appreciable amount of silver.

■ When petitioner filed its answer admitting the material allegations of the complaint it was entitled to have the scope of its admissions limited by a normal and reasonable construction of the language of the complaint. It cannot be charged with having admitted that the mere use of the trade name "Silver Seal" constitutes a representation that utensils bearing such name contain an appreciable amount of silver, which enhances their virtue, when there is no such allegation in the complaint; and when the only use made of the trade name "Silver Seal" in the complaint is to designate the class of utensils in respect to which typical representations have been made.

Respondent suggests that the only words which conceivably may represent or imply that the utensils contain an appreciable amount of silver are the words "Silver Seal." But this ignores petitioner's alleged statements and representations. We have stated that there is no allegation in the complaint, and no finding of fact, to the effect that the mere use of the trade name "Silver Seal" did represent or imply the existence of such silver content. We are of the opinion, however, that the display of a utensil of the appearance of silver or aluminum, which bears the trade name

"Silver Seal," when such display is accompanied by representations that the utensil contains no appreciable amount of aluminum, that it is more durable and more easily cleaned than aluminum or granite utensils, and is superior in other respects to competing aluminum or granite utensils, reasonably could be understood to represent that the utensils with the trade name "Silver Seal" contain silver and that the presence of the silver in some way makes it superior to aluminum or granite utensils. It clearly would be a necessary inference that a representation was being made that some metal ingredient or metal plating of the appearance of silver or aluminum contributed special virtue to the utensils and that such metal was not aluminum. The representations plus the use of the trade name "Silver Seal" reasonably would suggest that this metal was silver or some silver alloy. For obviously representations as to the character, nature and quality of the "Silver Seal" utensils reasonably could be interpreted to represent that the utensils contain some silver metal although the same representations might not carry such an inference when made in reference to a utensil which does not have the appearance of being made of silver metal and which does not bear a trade name suggestive of silver content.

■ Petitioner, on the basis of the complaint and the findings, is not under a duty to cease and desist from the use of "Silver Seal" as a trade name for the particular utensils, although it is under a duty to refrain from making statements or representations respecting such utensils which could be construed to represent that the utensils contain an appreciable amount of silver, which gives them a superior utility and value; and in determining whether the statements and representations do amount to such a representation, it would be proper to take into consideration the fact that they are made in respect to utensils which are made of a material which resembles silver metal and which bear the suggestive name of "Silver Seal." An order would be proper which, in substance, would require petitioner to refrain from making any statements or representations which in view of the trade name and appearance of the utensils in question would represent that such utensils contain an appreciable amount of silver.

We think that if item 5 of the cease and desist order is changed to read as follows it will state the duty of petitioner and give effect to the material allegations of the complaint and the corresponding finding of fact: (Cease and desist from) Representing by statements or in any other manner that the usefulness, durability or value of the utensils offered for sale and sold under the trade name "Silver Seal," or any other term or terms of similar import or meaning as a trade name for said utensils, is enhanced or affected by reason of silver metal contained in such utensils. By the foregoing the significance of the trade name "Silver Seal" is adequately recognized since, as indicated above, statements or representations respecting Silver Seal utensils must be appraised in the light of the silver-like appearance of the utensils and the suggestiveness of the trade name.

The respondent, Federal Trade Commission, does not oppose petitioner's requested second modification of item 7 of the order, and in our opinion such modification should be made in order to avoid uncertainty. Item 7 should be modified by inserting in the third line of the item, immediately following the word "utensils," the additional words "manufactured by competitors."

■ Petitioner's third requested modification is based upon the argument that the order which prohibits petitioner's representing that its utensils are "more durable or more easily cleaned than are aluminum or granite utensils manufactured by competitors" does not take into account "the fact that petitioner's utensils may in the future actually be more durable and more easily cleaned than competitors'." Petitioner suggests that the language of item 7 be further modified by inserting the additional words "unless it be the fact." The language of item 7 modified in both particulars as urged by petitioner would read "representing that the utensils designated as 'Silver Seal' are more durable or more easily cleaned than are aluminum or granite utensils manufactured by competitors, unless it be the fact * * *."

We are of the opinion that this Court should not require the Commission to make the suggested modification. The order is based upon a present existing state of facts, and is warranted by the allegations of the complaint and the admissions of the petitioner. It is true that the Commission has no authority to require the petitioner to cease and desist from rep-

resenting that its wares are more durable or more easily cleaned than those of its competitors, if such a representation is true; and it is possible, by reason of improvements in the quality of petitioner's utensils or by reason of deterioration in the quality of utensils of competitors, that the representation which is prohibited by the order may be made truthfully at some time in the future. But we are of the opinion that this Court has continuing power to make any modifications of our enforcement decree that may be required to protect rights which may result from changed conditions. The grant of original jurisdiction to this Court to enforce, set aside or modify orders of the Federal Trade Commission carries with it the power to vacate or modify its own decree whenever good cause is shown to exist as a result of changed conditions.[2]

Respondent is entitled to a decree broad enough to take care of the present situation and we are of the opinion that item 7 does not go beyond the present need and does not foreclose the assertion of any rights of petitioner which may arise by reason of future changes.

We conclude that items five and seven of the Commission's order should be modified as indicated; and the order is so modified, and as modified, is affirmed.

---

[2] United States v. Swift & Co., 286 U. S. 106, 119, 52 S.Ct. 460, 76 L.Ed. 999;

Indiana Quartered Oak Co. v. Federal Trade Commission, 2 Cir., 58 F.2d 182.