## NATIONAL LABOR RELATIONS BOARD v. NEW YORK MERCHANDISE CO., Inc.

Circuit Court of Appeals, Second Circuit.

March 15, 1943.

Scandrett, Tuttle & Chalaire and Emanuel Turberg, all of New York City (Bernard Phillips, of New York City, of counsel), for the motion.

Ernest A. Gross, of Washington, D. C., opposed.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The respondent moves to refer back to the Labor Board a proceeding which is before us on the Board's motion to enforce one of its orders of the usual form. The order, entered on June 19, 1942, found the respondent guilty of unlawful discrimination in discharging two of its employees whose reinstatement with back pay the Board directed as affirmative relief. Since the order was entered one of the two has been taken into the military service, and—his back pay having been adjusted to his satisfaction—nothing further remains to be done as to him. As to the other, named Slotkin, the parties have been unable to agree. The respondent alleges that since November 22, 1941, it has had no position available of the same grade and seniority as that which Slotkin held when he was discharged, and for which alone he was fitted. It therefore denies any liability except from the day of his discharge, July 11, 1941, to that when in any event its business necessities would have required it to discharge him, November 22, 1941; and it alleges that it has already tendered to him the money which it owes him for back pay during that period. For this reason it moved the Board for leave to adduce evidence upon these issues, and for a decision upon them before the Board should move for enforcement of its order. This motion the Board denied, and thereupon moved to enforce the order as it stands. The respondent does not challenge any other provision of the order, and is ready otherwise to consent to the issuance of an enforcement order; but it now moves, under Sec. 10(e) of the Act, 29 U.S.C.A. § 160(e), that we remand the proceeding so as to compel the Board to hear the issues.

We have undoubted jurisdiction under Sec. 10(e) to refer back any issues to the Board when satisfied that there is "additional evidence" which is "material," and the failure to "adduce" which was "reasonable." We are satisfied that in the case at bar the failure was "reasonable," because of the Board's refusal to hear the evidence, so that the only question is whether it was proper to defer that question until the entry of an enforcement order, and what should be the procedure thereafter. It has been, as we understand, the custom of the Board not to consider the amount of back pay until its order has been affirmed or "enforced"; and we approved of this course in Marlin-Rockwell v. N. L. R. B., 2 Cir., 133 F.2d 258. It is obviously convenient to wait until the question of unlawful discrimination has been definitively settled either by an order of the court or otherwise, before the Board takes up the amount of back pay, for its decision will turn out to be moot so far as its order is reversed. Nevertheless, certain consequences follow from this custom which we think have not yet been fully realized.

Two questions are involved: the amount of Slotkin's back pay and whether there is a place still open for him. These two to some extent overlap, because the amount of his back pay must be determined in part by the length of the time during

which he would have been employed, and that necessarily involves deciding whether he is still entitled to employment, or if not till now, then on what day he would have ceased to be so entitled. We start with the premise that Sec. 10(c) makes the fixing of back pay a part of that "affirmative relief" which is confided solely to the Board; so that no court should assume the duty, whether directly or through a master; we have as little power over it as over "equivalent employment." Phelps Dodge Corp. v. N. L. R. B., 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217. At some stage in the proceeding the Board must therefore fix it as an original tribunal and not as the surrogate of the court. However, in so performing this duty the Board must, as upon other issues, give the employer a hearing at which he may "adduce" his evidence and be allowed to present his arguments; and until such a hearing has been had and a decision rendered fixing the amount, the employer cannot be guilty of contempt, because it is cardinal in that subject that no one shall be punished for the disobedience of an order which does not definitely prescribe what he is to do. McFarland v. United States, 7 Cir., 295 F. 648, 650; In re Olsen, 2 Cir., 70 F.2d 253; National Labor Relations Board v. Bell Oil & Gas Co., 5 Cir., 99 F.2d 56; Berry v. Midtown Service Corp., 2 Cir., 104 F.2d 107, 111, 122 A.L.R. 1341. So far as an enforcement order directs back pay to discharged employees it cannot therefore be interpreted as peremptory in the sense that will support a proceeding to punish for contempt. Pro tanto it is interlocutory, though it is final as to any of its other provisions that require no further definition. We cannot delegate to the Board power to fill in the amount of the back pay as a merely ministerial duty.

 Since we must so interpret an enforcement order, if it is to be valid, the objection of the respondent that it will subject him to punishment, disappears. He cannot be so subjected until the back pay is fixed after a hearing and we have incorporated the amount so fixed into our own order. This procedure should involve no greater delay than to proceed through a master as for a contempt; and even if it did, it would still be a necessary consequence of deferring the issue until after an enforcement order is entered. Therefore, although such an order is a condition precedent to the respondent's motion, after

one has been entered it may take an order under Sec. 10(e), referring to the Board the issue of Slotkin's back pay: not as part of a proceeding for contempt, but as part of the Board's duty to complete, or make final, what it very properly left undecided in its first order.

 This disposes of the application, so far as it concerns back pay, but it does not necessarily dispose of the issue of reinstatement. As we have said, these two issues overlap because back pay cannot be measured until the duration of the reinstated employment has been determined; but that must be determined independently. If the Board's order commanding Slotkin's reinstatement is to be read as peremptory and unconditional, the respondent will be subject to punishment as for contempt unless it reinstates him immediately upon the entry of an enforcement order. We are not informed whether the Board in directing reinstatement hears the employer as to whether at the date of its order the job would still be open—assuming that all unlawful discrimination were absent. We assume that it does not, since the same reasons which justify deferring the liquidation of back pay, apply with equal force to reinstatement. If so, so far as its order grants that relief, it is to be interpreted as meaning no more than that reinstatement—like back pay—is a remedy appropriate to restore the situation to that which the law demands; but it leaves for future decision whether if the employee had not been discharged, he would have kept his job to the date of the order; or if not till then, how long he would have kept it. We need therefore add nothing to what we have already said about back pay and the respondent may include in its order the issue whether Slotkin should be reinstated when the Board decides the question; or, if not, how long before that he would have been discharged in due course.

 Our own decisions have not been consistent. In N. L. R. B. v. Remington-Rand, Inc., we referred all the issues, among them reinstatement, to a master whose report came before us in 130 F.2d 919. However, not only had we not been asked to send the issues to the Board, but the Board itself did not wish to undertake any part of them. We made it clear in Corning Glass Works v. N. L. R. B., 118 F.2d 625, 629, that we did not consider the direction to reinstate an employee as peremptory and unconditional, although we:

did refer the issue to a master—apparently unaware of the inconsistency. When his report came back to us in 129 F.2d 967, 973, we reserved the question whether the issue of "equivalent employment" by other employers was the limit of those issues which we should deem it necessary to refer to the Board; a course already foreshadowed in Judge Clark's dissent in N.L. R.B. v. Giannasca, 2 Cir., 119 F.2d 756, 759, 135 A.L.R. 560. On the other hand in N. L. R. B. v. Acme Air Appliance Co., 2 Cir., 117 F.2d 417, 421, we said that failure to reinstate subjected the employer to a proceeding for contempt. Later we definitely decided that the issue of back pay after enforcement was for the Board. Marlin-Rockwell Corporation v. N. L. R. B., supra, 2 Cir., 133 F.2d 258. The Eighth Circuit seems to have taken this last view. N. L. R. B. v. Lund, 103 F.2d 815, 821. The Supreme Court in Southport Petroleum Co. v. N. L. R. B., 315 U.S. 100, 106, 62 S.Ct. 452, 86 L.Ed. 718, did indeed say of reinstatement that after an enforcement order had been entered, it lay in the discretion of the circuit court of appeals whether to proceed by contempt or to refer the issue to the Board under Sec. 10(e). But the question up was only whether the court had abused its discretion in denying the employer's application for insufficiency on its face; the propriety of contempt proceedings appears to have been assumed without consideration. For this reason we feel free to treat the question as not foreclosed; moreover, even if it is, at least it rests in our discretion which course to take, and for the reasons we have given we can see no justification ever to proceed by contempt unless it appears that the Board has actually decided that at the time of its order the job was still open, or if not, for how long it was, and until that decision has been enforced.

■■■ In conclusion, we wish to distinguish the situation at bar from one in which, after the Board has made such a decision and it comes on for enforcement, the employer alleges that since the order conditions have so changed that reinstatement is no longer proper. Such a motion

should not be granted as of course, like the motion at bar. The employer has of course the right to be heard upon that question, and if the facts warrant it, the proceeding must be sent to the Board under Sec. 10(e); but the application should be scrutinized with jealousy lest it open the door to abuse; by hypothesis the Board has heard the issue, and the motion is like a plea puis darrein continuance. Be that as it may, that application also, if granted, must go to the Board as a Board, and not as a master of the court. Like the application at bar it is not within the court's jurisdiction, and the Board's findings would not be reviewable under Federal Rules of Civil Procedure, rule 53(e)(2), 28 U.S.C.A. following section 723c, as they would be if it really acted as a master.

If the practise which we have outlined above is followed, references to masters upon true proceedings to punish employers for contempt will be likely either to disappear, or to be short and few, for the Board will have decided all the issues as the initial tribunal, as it should. Contumacy of the enforcement order will be extremely rare. Nor do we see in what way the opportunities for successful negotiation will be lessened, unless indeed by removing the possible threat that the employer's failure to accept the Board's terms may be treated as a contempt. To that sanction the Board is clearly not entitled for the reasons we have tried to state.

■■■ Decision upon the respondent's motion will not be made until an enforcement order has been entered; thereupon, the issues of Slotkin's reinstatement and back pay will be referred to the Board with directions to find the facts. Having entered its appropriate order, it may then move to make definite and final the enforcement order. Although the Board may meanwhile move to punish the respondent for disobedience of any other provision of the enforcement order, no such motion will lie as to reinstatement or back pay until the steps set forth above have been completed.

Motion granted upon the foregoing condition.