## NATIONAL LABOR RELATIONS BOARD v. HARBISON–WALKER REFRACTORIES CO.

### No. 12474.

Circuit Court of Appeals, Eighth Circuit.

Aug. 17, 1943.

Charles K. Hackler, Atty., National Labor Relations Board, of Warrensburg, Mo. (Robert B. Watts, General Counsel, Ernest A. Gross, Associate General Counsel, Howard Lichtenstein, Asst. General Counsel, and Ruth Weyand and Leo J. Halloran, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Frank B. Edwards and W. Wallace Fry, both of Mexico, Mo., for respondent.

Before STONE, WOODROUGH, and JOHNSEN, Circuit Judges.

STONE, Circuit Judge.

Heretofore this court has determined that the order of the Board in the above case should be enforced with the modification set forth in the opinion (8 Cir., June 1, 1943, 135 F.2d 837). The parties have presented to the court separate forms of order to be entered thereon. These orders are identical except as to two matters treated in subsections 2(a) and 2(b). The first of these has to do with the reinstatement of Herbert Hillebrand and the second with reimbursement to him for loss of earnings. The parties cannot agree as to the form of order and it is necessary for the court to determine this controversy. Were the situation such that we could enter an order disposing of the matters raised without a remand to the Board for its action, any opinion would be unnecessary, however, the situation seems to us to be otherwise and, therefore, that the reasons for remanding the matter to the Board should be stated.

The first matter of dispute (subsection 2(a) of the proposed orders) relates to the conditions of the offer of reinstatement of Mr. Hillebrand and the difference is caused by the situation, stated by respondent to exist, that Mr. Hillebrand entered the armed forces on September 12, 1942. We are truly told by counsel for the Board that the record contains no information of such

entry into the armed forces. This record could not contain that information since the order of the Board was made on August 27, 1942, prior to the date of the claimed entrance into the armed forces. Whether Mr. Hillebrand entered the armed forces on this date is susceptible of positive, indisputable proof and we assume that responsible counsel would make no such statement to this court unless it were true. However, there is no evidence before us as to that fact although counsel for the Board seems not to challenge it. Our order of enforcement is, necessarily, prospective in this respect. Therefore, it would be an idle gesture to enter an order requiring offer of reinstatement to a man in the armed forces until his discharge therefrom. The only practical solution of this situation would seem to be to ascertain the fact of entry into the armed forces and to form the order as to offer of reinstatement to meet that situation.

■ There are two matters of difference in relation to the measure of reimbursement of compensation under 2(b). One of these is elimination of compensation during the time Mr. Hillebrand remains in the armed forces and the other is deduction from reimbursement of amounts he may have failed "without excuse" to earn during the time when he was free to accept private employment. The matter of whether a discharged employe should receive compensation in any amount during the time he may be in the armed forces has not been heretofore decided so far as we are advised. Our reaction is that such compensation should not be allowed. If the employee had never been discharged but his employment had been terminated by either voluntary or involuntary induction into the armed forces, there would certainly be no legal obligation upon the employer to compensate him during his services with the forces. It would seem to follow that a discharged employee could be in no better position. Phelps Dodge Corporation v. Labor Board, 313 U.S. 177, 197, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217, is squarely decisive that reimbursements should be reduced by amounts which the employee failed "without excuse" to earn during the period of his discharge.

■ The Phelps Dodge Corporation case clearly indicates that the action which we should take is not to modify the order of the Board in relation to the above three matters but to remand them to the Board for its further investigation, consideration and determination. This case further holds that such matters should not be left for possible final settlement in contempt proceedings where the parties might be in disagreement as to the effect of the order of this court. At page 200 of 313 U.S., at page 855 of 61 S.Ct., 85 L.Ed. 1271, 133 A.L.R. 1217, that decision contains the following directions which we deem applicable here:

"But though the employer should be allowed to go to proof on this issue, the Board's order should not have been modified by the court below. The matter should have been left to the Board for determination by it prior to formulating its order and should not be left for possible final settlement in contempt proceedings.

*     *     *     *     *

"The decree below should be modified in accordance with this opinion, remanding to the Board the two matters discussed under Fourth and Fifth herein, for the Board's determination of these issues."

■ Although we think we are required to remand these matters concerning that part of the Board's order relating to Mr. Hillebrand, yet they have no connection with broader and more important provisions of the order. Therefore, there is no reason why enforcement of the order of the Board should not be made in all other respects. In this situation the order will be to the effect that, as modified in the former opinion, the order of the Board will be enforced except as to the terms relating to the offer of re-employment and reimbursement of Herbert Hillebrand and as to those matters there will be a remand to the Board with instructions to make necessary investigation and determination of the issues there involved and to return to this court such determinations, in the form of a portion of the order now here.