AMERICAN CHAIN & CABLE CO., Inc., et al. v. FEDERAL TRADE COMMISSION.

No. 5062.

Circuit Court of Appeals, Fourth Circuit.

May 29, 1944.

Sumner S. Kittelle, of Washington, D. C. (Feldman, Kittelle, Campbell & Ewing, of Washington, D. C., on the brief), in support of petition.

Walter B. Wooden, Asst. Chief Counsel, Federal Trade Commission, of Washington, D. C., in opposition to petition.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge.

On January 1, 1944, this Court entered its decree affirming and enforcing an order of the Federal Trade Commission which directed the American Chain & Cable Company, Inc., and certain other manufacturers of wire rope, hereinafter referred to as petitioners, to cease and desist from certain unfair trade practices found to be in violation of section 5 of the Federal Trade Commission Act. 15 U.S.C. A. § 45. The order directed that the petitioners "do forthwith cease and desist from continuing, entering into, or carrying out any agreement, understanding, combination or conspiracy, and from continuing or cooperating in any agreed or planned common course of action, between or among any two or more of said respondents, or between any one or more of said respondents and any person, association or corporation not a party to this order, to do or perform any of the following .acts or things". The acts prohibited by the order include fixing the prices or conditions of sale of wire rope to dealers, distributors and users thereof, establishing and maintaining territorial delivered price zones, and making sales upon a delivered price basis under a zone system whereby the cost to all customers of any particular class is made identical to all destinations within a particular zone.

Before the order of the Commission became final under 15 U.S.C.A. § 45(g) (2), the petitioners filed a motion with the Com-

mission asking that, on account of war conditions, the enforcement of the order be stayed until after the war and stating that recommendations to that effect from the War Production Board and proper officers of the War and Navy Departments had been applied for and that assurances had been received that the recommendations would be made. The petition asked, also, that the Commission join in a request for the modification of the order of this Court, if of opinion that the prayer of the petition should be granted. The Commission, however, declined to entertain the motion on the ground that neither the Commission nor this Court had power to stay the enforcement of the order at that stage of the proceedings. The petitioners then filed a petition with the Court asking that the Commission be required to show cause why it should not consider and decide on its merits the motion filed by petitioners after receiving and considering such recommendations as might be filed by the War and Navy Departments. At the hearing on the petition here, it was stated that on March 31st petitioners filed with the Commission a certificate to the effect that they would comply with its order. A subsequent memorandum states that the War and Navy Departments have filed recommendations with respect to staying the enforcement of the order.

Three questions are presented by the motion before us: (1) whether there is power in the Commission to modify or stay the enforcement of the order which has been affirmed by the Court; (2) whether the Court has power to direct the Commission to consider the motion of petitioners directed to that end; and (3) whether the circumstances here warrant the giving of such direction to the Commission. We think that all of these questions should be answered in the affirmative.

Orders of the Commission, like most administrative orders, ordinarily have relation to the future and not to the past; and with the passage of time their provisions may be rendered inappropriate by changing conditions. In such cases, provision is made that the orders may be modified or vacated. Section 5 of the Trade Commission Act, 15 U.S.C.A. § 45 (b), provides: "After the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time, the Commission may at any time, after notice and opportunity for hearing, reopen and alter, modify, or set aside, in whole or in part, any report or order made or issued by it under this section, whenever in the opinion of the Commission conditions of fact or of law have so changed as to require such action or if the public interest shall so require: Provided, however, That the said person, partnership, or corporation may, within sixty days after service upon him or it of said report or order entered after such a reopening, obtain a review thereof in the appropriate circuit court of appeals of the United States, in the manner provided in subsection (c) of this section."

It is argued that the power of the Commission to modify or vacate its orders under the language quoted exists only where no petition for review has been filed with a Circuit Court of Appeals, and not where a petition has been filed and a decree of affirmance and enforcement has been entered; but we are not impressed with this argument. The necessity for modification may be just as urgent in the case of an order which has been affirmed and ordered enforced by the Circuit Court of Appeals as in the case of one which has become final under 15 U.S.C.A. § 45(g) (1) by reason of failure to file a petition for review; and it is not reasonable to suppose either that Congress intended to deny relief in such cases or that it intended to vest the Circuit Court of Appeals with power to grant the relief, which is essentially administrative in character.[1] The proper interpretation of the "if" clause in

---

[1] It is well settled that the power of a Circuit Court of Appeals over orders of the Commission is appellate and revisory merely and not an exercise of original jurisdiction of the court itself. Federal Trade Commission v. Eastman Kodak Co., 274 U.S. 619, 623, 47 S.Ct. 688, 71 L.Ed. 1238. And this Court has held that it has no power to order any delay in putting into effect a lawful order of the Commission. El Moro Cigar Co. v. Federal Trade Comm, 4 Cir., 107 F.2d 429. Under the National Labor Relations Act, modeled on the Trade Commission Act, the Circuit Court of Appeals exceeds its power in refusing to enforce or in modifying an order of the Labor Board, if sustained by substantial evidence, even though it may not approve of the relief awarded, since this is a matter which Congress has intrusted to the Board. National Labor Relations Board v. Brad-

the language above quoted is to suspend the power of the Commission to modify its orders while petitions for review thereof are pending in the Circuit Courts of Appeals, so as to avoid conflicts of jurisdictions; but, after a Circuit Court of Appeals has acted upon a petition for review, there is no reason why the Commission should not modify its order, if modification is warranted by the changed conditions contemplated by the statute. There is no danger that the decree of the Court may be flouted by such modification, as provision is expressly made that modification orders shall be subject to review.

■ The power of this Court to direct the Commission to give consideration to a motion for a modification of one of its orders arises, we think, from the powers given the Court by 15 U.S.C.A. § 45(c) to review such order of modification and "to issue such writs as are ancillary to its jurisdiction." It is well settled that a court given power of review may by mandamus compel the court over which it is given such power to exercise its jurisdiction so that the power of review may not be defeated. See Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L. Ed. 1185; Adams v. United States, ex rel. McCann, 317 U.S. 269, 273, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435; McClellan v. Carland, 217 U.S. 268, 279, 280, 30 S. Ct. 501, 54 L.Ed. 762; In re Pennsylvania Co., 137 U.S. 451, 452, 11 S.Ct. 141, 34 L.Ed. 738; United States v. Malmin, 3 Cir., 272 F. 785. And that mandamus from a court is an appropriate remedy to require an administrative commission to exercise the power with which it is vested, see Interstate Commerce Commission v. United States ex rel. Humbolt S. S. Co., 224 U.S. 474, 484, 485, 32 S.Ct. 556, 56 L.Ed. 849; Louisville Cement Co. v. Interstate Commerce Commission, 246 U.S. 638, 38 S.Ct. 408, 62 L.Ed. 914; United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Commission, 294 U.S. 50, 60, 55 S.Ct. 326, 78 L.Ed. 752. It is true of course that a Circuit Court of Appeals is without power to award mandamus except in aid of its supervisory or appellate jurisdiction; but where it is given jurisdiction to review an administrative commission there is no reason why the power should not be exercised in the same way as where reviewing power is given over a court. If there were any doubt as to this, the power granted by the section of the statute referred to above "to issue such writs as are ancillary to its jurisdiction" would remove the doubt here.

■ And we think that the power of the Court to direct the Commission to give consideration to the motion arises also from the power of the Court to enforce its decree and to punish any disobedience thereof as contempt. When a party who would be subject to punishment for contempt for disobedience of the decree represents to the Court that conditions have changed to such an extent that he should not be required to comply with the order and that it should be modified, but that the Commission denies its power to modify and refuses to consider a motion addressed to that end, the Court should have, and in our opinion does have, the power to direct the Commission to consider the motion and exercise the administrative power delegated to it by Congress, so that the Court's power to enforce its decree by contempt proceedings or otherwise may be properly exercised. The power to award mandamus in such cases arises out of necessity and would seem to fall clearly within the power given in the clause above quoted to issue writs ancillary to its jurisdiction. The proper exercise of the power to punish for contempt is as important as the exercise of the power of review and furnishes an additional ground for the issuance of the writ in a case of this character. The power to issue the writ is "an extraordinary power, which, though always guarded by courts, is freely employed 'to prevent disorder from a failure of justice.' Rex v. Baker, 3 Burr. 1265." United States v. Malmin, supra, 3 Cir., 272 F. 785, 789.

■ We note the decisions in Indiana Quartered Oak v. Federal Trade Comm., 2 Cir., 58 F.2d 182; H. N. Heusner & Son v. Federal Trade Comm., 3 Cir., 106 F.2d 596, and Century Metalcraft Corp. v. Federal Trade Comm., 7 Cir., 112 F.2d 443, wherein expressions are used which would indicate a power in the Circuit Court of Appeals to modify its decree of enforcement because of changed conditions. We

ford Dyeing Ass'n, 310 U.S. 318, 60 S. Ct. 918, 84 L.Ed. 1226; Virginia Electric & Power Co. v. National Labor Relations Board, 319 U.S. 533, 63 S.Ct. 1214, 87 L.Ed. 1568; National Labor Relations Board v. Condensor Corp. of America, 3 Cir., 128 F.2d 67.

entertain no doubt as to the power of the Court to modify its enforcement decree as other decrees in equity are modified; but there must be sufficient ground shown for such modification and this is not done where no change is shown in the order, since the decree is based on the order, not on the conditions which called it forth. To hold otherwise, would be to clothe the Circuit Courts of Appeals with the administrative powers of the Commission in cases in which they have entered decrees of enforcement. It is more consonant with the intention of Congress, we think, to hold that modification of enforcement decrees should be made only after the Commission has taken action under the provision of the statute above quoted, and that, in the meantime, the power of the Court with respect to modification is limited ordinarily to requiring that the Commission give consideration to matters said to require action on its part. Any action taken by the Commission would then be subject to review by the Court, as in the case of other orders, and any modification of the original orders, whether reviewed or not, would serve as a basis for the modification by the Court of its original decree.

On the third question, we would not be impressed with the necessity for the modification or suspension of the order in this case, were it not for the recommendations made by the War and Navy Departments. Without intimating what action, if any, should be taken by the Commission on the motion of petitioners in the light of these recommendations, we are of opinion that the motion should be considered and passed upon and that the Commission should take such action with respect to granting or denying the motion as in its judgment may be appropriate in the premises.

We do not think that the certificate of compliance filed by the petitioners with the Commission renders moot the questions raised on their petition to us. It does not follow that the order should be left unmodified merely because petitioners have agreed to abide by it. If its enforcement in the future will in fact hinder the war effort, it ought to be modified, whatever they may have done toward accepting its provisions.

For the reasons stated, order will be entered directing the Commission to consider and pass upon the motion of petitioners.

Petition granted.