# WALLACE CORPORATION v. NATIONAL LABOR RELATIONS BOARD, LOCAL No. 129, et al.

## No. 5135.

Circuit Court of Appeals, Fourth Circuit.

Feb. 14, 1947.

953

SOPER, Circuit Judge, dissenting.

———◆———

A. Norman Somers, Asst. General Counsel, National Labor Relations Board, of Washington, D. C. (Gerhard P. Van Arkel, Gen. Counsel, Morris P. Glushien, Associate Gen. Counsel, and Owsley Vose and Reeves R. Hilton, Attys., National Labor Relations Board, all of Washington, D. C., on the application), for National Labor Relations Board.

R. Walston Chubb, of St. Louis, Mo., for Wallace Corporation.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

In February 1944, we entered a decree enforcing an order of the National Labor Relations Board which, in general terms, directed that the Wallace Corporation offer reinstatement with back pay to 43 named employees, who were found to have been discriminatorily discharged in violation of the terms of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. Wallace Corporation v. N. L. R. B., 4 Cir., 141 F.2d 87, affirmed by Supreme Court 323 U.S. 248, 65 S.Ct. 238, 89 L.Ed. 216. The Board has now made application for an order authorizing it to hold a hearing and make findings as to whether and to what extent ten of these employees wilfully incurred losses in their earnings, as to the amounts of back pay due to each of them, and as to whether the company's offer of reinstatement made to five of them was in compliance with our decree.

The Wallace Corporation, hereafter referred to as the company, opposes this application on the grounds that its failure to tender back pay to the ten employees was because they had voluntarily remained unemployed and had failed to make reasonable efforts to obtain employment during the back pay period, and that its failure to reinstate the five was because it had discontinued its wood dish department for business reasons and had no positions to which it could reinstate them. In support of its contentions, the company has filed affidavits in which are contained quotations from statements allegedly made by the employees in question, and in which the policy of the company with respect to back pay and reinstatement is fully set forth. The company asks that upon the facts therein stated the application of the Board be denied, particularly in view of the hardship involved, under the peculiar circumstances of the case, in the order of reinstatement. It asks, further, that any reference of the matters in dispute which may be ordered be to a commissioner of the court and not to the Board.

■ It is admitted on all sides that the ten employees have not received back pay and that the five have not been reinstated. There is a controversy, however, as to the facts which would be decisive of the rights to back pay and reinstatement on the part of the employees concerned; and there has been no finding as to these facts. We are of opinion that they should be found by the Board, which should thereupon determine, as a part of the administrative process committed to it, what action should be taken to remove the effect of the unfair labor practices of which the company has been adjudged guilty in discharging these employees. Such findings and determination will be subject to review by us; and our decree heretofore entered will be modified or supplemented on such review as may be appropriate in the premises.

■ It will be observed that, while we are granting the first portion of the prayer

of the application, viz., that relating to the amount of back pay due the ten employees of the company, and are authorizing findings with respect to the reinstatement controversy, we are not granting the second portion of the prayer, i. e.; we are not referring to the determination of the Board the question as to whether or not the action of the company with respect to the reinstatement of the five employees has been in accordance with our decree. That is not a question which arises in the exercise of administrative powers by the Board, but one which, if it were properly before us, we should determine ourselves in the exercise of one of our most important judicial powers, the power to punish for contempt. When we desire a finding made to serve as a basis for the exercise of that power, we shall either make it ourselves or have it made by a commissioner of our own appointment, whose findings will be subject to review by us under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and not under the statutory rule that they must be accepted if sustained by substantial evidence, whether we agree with them or not. When a court undertakes the serious business of punishing for contempt for disobedience of its orders, it should manifestly have complete control of the proceedings leading up to the punishment; and under no circumstances should it, directly or indirectly, farm out its powers over contempt to an administrative agency. The facts with respect to reinstatement which we authorize the Board to find, therefore, are facts upon which a modification of our original decree may properly be asked, not facts upon which an attachment for contempt might issue.

▮▮▮ The order of the Board which we have heretofore ordered enforced does not specifically provide what amounts are to be paid to the employees named or what positions are to be tendered to them, but covers these matters in general terms. General orders of this sort entered by the Board with respect to back pay and reinstatement manifestly contemplate further administrative action on its part, i. e. determination of the exact amount of back pay to be tendered and determination as to what positions are available and substantially equivalent for the purposes of the reinstatement ordered. Such general orders are analogous to interlocutory judgments of courts fixing liability but leaving for future determination questions as to amount of liability; and our decrees affirming or enforcing them are analogous to our affirmance of interlocutory judgments on appeal. After the general order of the Board for back pay and reinstatement is affirmed or ordered enforced by us, the Board must work out the details of reinstatement and of the amounts to be paid as back pay under the general provisions of the order. This can ordinarily be done by negotiation; but, if controversy arises, the facts must be found by the Board, the body to which Congress has committed the administrative process. Phelps Dodge Corporation v. N. L. R. B., 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217. Under sec. 10(e) of N.L.R.A., 29 U.S.C.A. § 160(e), we are given power to refer the case back to the Board for the taking of additional evidence in order that such findings may be made; and we agree with the Second Circuit that, not until they have been made and our decree has been modified so as to prescribe definitely what the employer is to do, can he be said to be guilty of contempt in failing to comply with the order. N. L. R. B. v. New York Merchandise Co., 2 Cir., 134 F.2d 949, 952. As said by Judge Learned Hand in the case cited:

"We start with the premise that sec. 10 (c) makes the fixing of back pay a part of that 'affirmative relief' which is confided solely to the Board; so that no court should assume the duty, whether directly or through a master; we have as little power over it as over 'equivalent employment.' Phelps Dodge Corporation v. N. L. R. B., 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217. At some stage in the proceeding the Board must therefore fix it as an original tribunal and not as the surrogate of the court. However, in so performing this duty the Board must, as upon other issues, give the employer a hearing at which he may 'adduce' his evidence and be allowed to present his arguments; and until such a hearing has been had and a decision rendered fixing the amount, the employer cannot be guilty of contempt, be-

cause it is cardinal in that subject that no one shall be punished for the disobedience of an order which does not definitely prescribe what he is to do. McFarland v. United States, 7 Cir., 295 F. 648, 650; In re Olsen, 2 Cir., 70 F.2d 253; National Labor Relations Board v. Bell Oil & Gas Co., 5 Cir., 99 F.2d 56; Berry v. Midtown Service Corporation, 2 Cir., 104 F.2d 107, 111, 122 A.L.R. 1341. So far as an enforcement order directs back pay to discharged employees it cannot therefore be interpreted as peremptory in the sense that will support a proceeding to punish for contempt. Pro tanto it is interlocutory, though it is final as to any of its other provisions that require no further definition. We cannot delegate to the Board power to fill in the amount of the back pay as a merely ministerial duty."

See also Marlin-Rockwell Corporation v. N. L. R. B., 2 Cir., 133 F.2d 258; Corning Glass Works v. N. L. R. B., 2 Cir., 129 F.2d 967; N. L. R. B. v. Condenser Corporation, 3 Cir., 128 F.2d 67, 78; Rapid Roller Co. v. N. L. R. B, 7 Cir., 126 F.2d 452, 461, 462; N. L. R. B. v. Newberry Lumber & Chemical Co., 6 Cir., 123 F.2d 831, 839.

■■ Whether questions affecting the duty to reinstate, as distinguished from questions relating to back pay, should be referred to the Board for findings or be heard in a contempt proceeding, is a matter which, as Judge Hand points out in the case above cited, has caused the courts some difficulty; but we think it clear that, where mere administrative determination is involved, these questions, as well as those relating to back pay, should be referred to the Board. We think it equally clear that, whether positions involving substantially equivalent employment are open or not so that the order of reinstatement can apply to them, and what sort of reemployment will wipe out the effects of unfair labor practices, are essentially administrative questions. Only after these have been answered, are we in position to direct the employer to take specific action of such a character that disobedience of our order will justify punishment for contempt. This was the decision of the Second Circuit in the case cited, which held that general orders as to reinstatement, as well as general back pay orders, were to be deemed inter-

locutory in character. Cases have come before us in which the Board has determined in its general order that employees are not entitled to reinstatement because the positions held by them have been abolished. No one would question the propriety of such a finding; and, if a finding with respect to such matter is proper in advance of a decree of enforcement, there is no reason why it should not be made after entry of the decree.

Very much in point in this connection is the decision of this Court in the case of Mooresville Cotton Mills v. N. L. R. B., 4 Cir., 97 F.2d 959. In that case, we at first set aside a portion of the order of the Board directing the reinstatement of four employees, holding that as they had obtained substantially equivalent employment elsewhere, they were not entitled to reinstatement. 4 Cir., 94 F.2d 61, 66. On petition for rehearing, we vacated this portion of the decree and remanded the case to the Board for further findings on the equivalence of the employment obtained, saying: " * * * we conclude, upon further consideration of the case, that our former decision should be modified. The statute contemplates that questions of fact should be decided by the Board and that these findings, if supported by evidence, shall be conclusive. Section 10(e). The equivalence of the employment of the four men above mentioned, as compared with their former positions, is a question of fact that must be decided in view of our construction of the Act; but as we now understand the situation, it has not been passed upon by the Board. We shall therefore remand the case to the Board for a determination of this matter." 97 F.2d at page 963. Upon remand the Board made additional findings of fact which were upheld on petition for review. 4 Cir., 110 F.2d 179. Our last opinion in that case deals with questions of fact arising in connection with reinstatement of employees, and holds that these are matters for the decision of the Board.

■ If the order with respect to reinstatement be regarded as final rather than interlocutory, however, we are nevertheless of opinion that the Board should be directed to make further findings with regard thereto in view of the changed conditions which

have developed since the entry of the order. N. L. R. B. v. Harbison-Walker Refractories Co., 8 Cir., 137 F.2d 596. The wood dish department of the company has been abolished; and it may well be that the company is not in position to reinstate the five employees to positions that they held at time of discharge. If not, questions arise as to whether there are substantially equivalent positions in the company's service; and as to what action should be taken, in view of changed conditions, to wipe out the effects of the unfair labor practice. These are questions to be answered by the Board in the exercise of its administrative power. Answers thereto may require that the Board's order and our decree enforcing it be modified or supplemented; but action by the Board is a prerequisite to any modification or change of the decree on such grounds. American Chain & Cable Co. v. Federal Trade Commission, 4 Cir., 142 F.2d 909, 912. In the case cited, which involved the power of the court to modify a decree enforcing an order of the Federal Trade Commission,* and in which we held that a modification of our decree must be predicated upon a modification of the Commission's order, we said:

"We entertain no doubt as to the power of the Court to modify its enforcement decree as other decrees in equity are modified; but there must be sufficient ground shown for such modification and this is not done where no change is shown in the order, since the decree is based on the order, not on the conditions which called it forth. To hold otherwise, would be to clothe the Circuit Courts of Appeals with the administrative powers of the Commission in cases in which they have entered decrees of enforcement. It is more consonant with the intention of Congress, we think, to hold that modification of enforcement decrees should be made only after the Commission has taken action under the provision of the statute above quoted, and that, in the meantime, the power of the Court with respect to modification is limited ordinarily to requiring that the Commission give consideration to matters said to require action on its part. Any action taken by the Commission would then be subject to review by the Court, as in the case of other orders, and any modification of the original orders, whether reviewed or not, would serve as a basis for the modification by the Court of its original decree."

■ We are not impressed with the argument that we should deny enforcement of the Board's order because of the hardship involved in enforcing it. It is well settled that the court may not modify or refuse to enforce an order of the Board, even though it may not approve of the relief awarded, since this is a matter which Congress has intrusted to the Board. N. L. R. B. v. Bradford Dyeing Ass'n, 310 U.S. 318, 60 S.Ct. 918, 84 L.Ed. 1226; Virginia Electric & Power Co. v. N. L. R. B., 319 U.S. 533, 63 S.Ct. 1214, 87 L.Ed. 1568; N. L. R. B. v. Condenser Corporation of America, 3 Cir., 128 F.2d 67. See also El Moro Cigar Co. v. Federal Trade Commission, 4 Cir., 107 F.2d 429, wherein this court held that it was without power to order any delay in putting into effect a lawful order of the Federal Trade Commission.

For the reasons stated, we deny the application in so far as it asks that we authorize the Board to make findings as to whether the company's offer of reinstatement to the five named employees was in compliance with the court's decree. Order will be entered, however, authorizing the Board to hold hearings and make findings as to the amount of back pay due Dorothy Nutter, Lilly Mollahan, Roxie Dodrill, Grace Trimble, Carrie Griffie, Mabel Hinkle, Glenna Hanna Dickesson, Pearl Stewart, Ella Brown and Mary Facemire, and also as to what action should be taken by the company, in view of changed conditions, with respect to the reinstatement of Dorothy Nutter, Roxie Dodrill, Grace Trimble, Glenna Hanna Dickesson and Ella Brown.

Application granted in part and denied in part.

---

* The provisions for review by this Court of orders of the National Labor Relations Board are similar to those for review and enforcement of orders of the Federal Trade Commission. Cf. 29 U.S.C.A. § 160(e) (f), 15 U.S.C.A. § 45(c).

SOPER, Circuit Judge (dissenting).

If we establish the policy of determining the facts for ourselves when an employer convicted of unfair labor practices is charged with violating our decree, we shall find it difficult to authorize the National Labor Relations Board to ascertain the circumstances and report its findings to us. When the Board in a given case has made findings of an interlocutory character, as when it orders an employer to make whole wrongfully discharged employees for loss of back pay without fixing the amounts, the situation is different. Then, as shown in Phelps Dodge Corporation v. N. L. R. B., 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217, and N. L. R. B. v. New York Merchandise Co., 2 Cir., 134 F.2d 949, the administrative process is not complete. The enforcing decree is too indefinite to justify a contempt proceeding, and if negotiations of settlement fail, the case must be returned to the Board to finish its work.

This course, however, should not be taken with respect to an order of reinstatement approved by the court's decree which, as in the case at bar, the employer has failed to obey. Such an order is final and leaves nothing for the Board's determination. If the situation changes during the progress of the case through the courts, either party may apply for leave to take additional evidence. If this is not done and the decree is promulgated and dishonored by the employer, the court possesses and should exercise the authority to make its own determinations. Thus in Southport Petroleum Co. v. N. L. R. B., 315 U.S. 100, 62 S.Ct. 452, 86 L.Ed. 718, it was held that an application for leave to take additional evidence with respect to a decree of reinstatement lay within the court's discretion.

In the pending case, the Board seeks the opportunity to make the findings of fact for the court as to whether the employer has complied with the decree of reinstatement; and these findings will be binding upon us whether we agree with them or not, if any substantial evidence supports them. In the past we have not infrequently been obliged to approve conclusions of the Board based upon findings of fact, with which we did not agree, because under the statute such findings are final and conclusive. In the present instance we are not obliged to extend this practice by remanding the case to the Board and ought not to do so, especially as it will empower the Board to pass upon the merits of the charge, which it is now prosecuting, that the employer has defied its authority.

We do not avoid this undesirable and unnecessary situation by the assertion that we are not referring to the determination of the Board the question as to whether the action of the employer with respect to reinstatement has been in accordance with our decree. It is too plain for argument that if the Board finds that the company had no reasonable excuse for failing to comply with the court's decree, the foundation will be laid for a contempt proceeding which the court cannot ignore; and that if such an excuse is found, the employer will have been acquitted. In short, the Board and not the court will determine whether proper respect has been paid to the court's decree.

The decisions do not require such a course. That of the Second Circuit in N. L. R. B. v. New York Merchandise Co., supra, is based, so far as reinstatement is concerned, on the assumption (134 F.2d at page 952) that an order of reinstatement is tentative only, and requires a further finding after the enforcing decree has been issued as to whether the job is still open. It is submitted that this assumption is mistaken. On its face the decree is final; the job in a given business ordinarily persists; and if the unusual happens, the way is open for either party to ask for further proceedings before the Board before the court's decree is issued.

The cases in this circuit differ so materially in fact that they offer little or no help in solving the present problem. In Mooresville Cotton Mills v. N. L. R. B., 4 Cir., 94 F.2d 61, Id., 4 Cir., 97 F.2d 959, and Id., 4 Cir., 110 F.2d 179, the Board failed to pass upon certain evidence presented to it at the original hearing with respect to reinstatement of employees because it entertained the erroneous opinion that the evidence was immaterial. Hence we remanded the case in order that the Board might consider the evidence and make findings thereon. In

American Chain & Cable Co. v. Federal Trade Commission, 4 Cir., 142 F.2d 909, a corporation which was subject to a decree enforcing a cease and desist order of the Federal Trade Commission asked the court to direct the Commission to consider a petition to stay the enforcement of the decree until after the war, because such action was recommended by the War and Navy Departments and would be helpful to the war effort. The Commission had declined to act because it doubted its authority to modify a decree of the court; but we directed the Commission to reopen the matter and consider the Government's request for a stay. Obviously the action of this court in directing the Board to consider the corporation's request for a modification of the decree furnishes no precedent for allowing the Labor Board in the present case to take over our responsibility and decide whether the employer has violated the decree of this court.