### NATIONAL LABOR RELATIONS BOARD v. PRIGG.

#### No. 12468.

United States Court of Appeals
Fifth Circuit.

Feb. 25, 1949.

---

[1] Code of Mississippi, Sect. 5319.

David P. Findling, Associate Gen. Counsel, NLRB, and Ruth Weyand, Acting Asst. Gen. Counsel, NLRB, both of Washington, D. C., and Helen F. Humphrey, Chief Law Officer, NLRB, of New York City, for petitioner.

H. Paul Prigg, of Miami, Fla., pro se.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

## PER CURIAM.

Four years after the commission of the unfair labor practices; four years after the completion of the war contracts to build small boats and the reduction of employees in the unit from thirty-one to four; two and one-half years after the making of the Board's order and months after the repeal of the Act under which the proceedings were had, we are asked to enforce an order of the National Labor Relations Board, as to the finality and appropriateness of a portion of which the Board itself seemed in such doubt that it expressly reserved to itself the right to modify.[1]

There is substantial evidence to justify the Board's finding that the respondent was guilty of unfair labor practices in refusing to bargain collectively with the Union and in his efforts to prevent the employees from joining same, and the cease-and-desist and post-notices portions of the Board's order were properly entered and should be enforced.

As to paragraphs 2(a) and 2(b), however, the matters they involved must be returned to the Board for further inquiry and report. For the Board, knowing that war contracts were over, the lush days gone, the employees of respondent drastically reduced in the wake of the receding activity, and that after the passage of the years the status quo of the parties might not be restored, made no definite and final order as to these. Instead, it reserved to itself without limitations the right to change the reinstatement and back-pay provisions of its orders according to the demand of succeeding circumstances.

We observe that the Board found: (a) that the general reduction of employees was not discriminatorily motivated but that the six employees ordered reinstated were discriminated against, because of their Union adherence, in not being selected to be retained as employees, even though the respondent had hired no new men since such reduction; (b) that under the circumstances sufficient positions might not be available for the the six employees affected; (c) that "it is possible that one or more of the six employees might have been discharged in the general reduction of the work force even if the Respondent's selection of those retained had been on a non-discriminatory basis."

Commendable as was the Board's purpose in making it, this reservation as drawn has deprived the order of the finality necessary to support a decree of enforcement upon which contempt proceedings could properly be based. N.L.R.B. v. New York Merchandise Co., 2 Cir., 134 F.2d 949.

In view of the long lapse of time and the admitted change in the conditions and circumstances,[2] it is manifest to us, and we think it will be to the Board, that the six men cannot be reinstated in a plant that has only four employees. Moreover, it is obvious that if—as the Board found might be the case—any of the six employees

---

[1] "The Board expressly reserves the right to modify the back-pay and reinstatement provisions if made necessary by a change of conditions in the future, and to make such supplements thereto as may hereinafter become necessary in order to define or clarify their application to a specific set of circumstances not now appearing."

[2] N. L. R. B. v. Goodyear Tire & Rubber Co., 5 Cir., 129 F.2d 661, text page 667.

would or might have been discharged in the regular reduction of the work force, even if those selected to be retained had been on a non-discriminatory basis, such employee or employees should not now be ordered re-instated or given back pay.

The order of the Board will be enforced as to all of its provisions, if any, that have not heretofore been complied with, with the exception of paragraphs 2(a) and 2(b) re-lating to reinstatement and back pay. As to these, the matter is returned to the Board for further inquiry and report by the Board. The petition for enforcement is granted in part and in part retained for action after further hearings and action by the Board.