## NATIONAL LABOR RELATIONS BOARD v. ATHENS MFG. CO.

### No. 11852.

Circuit Court of Appeals, Fifth Circuit.
June 27, 1947.

For original opinion on petition for enforcement of order of National Labor Relations Board, see 161 F.2d 8.

Gerhard P. Van Arkel, General Counsel, and A. Norman Somers, Asst. Gen. Counsel, both of Washington, D. C., and Paul E. Kuelthau, Regional Atty., of Atlanta, Ga., for petitioner.

Murphey Candler, Jr., of Decatur, Ga., and Abit Nix, of Athens, Ga., for respondent.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

The motion is denied. In Waterman S. S. Corporation v. N.L.R.B., 5 Cir., 119 F.2d 760, 762, we said: "But since the Board is entitled to demand performance and is not bound by any settlement with the employee, we think it ought on request to co-operate with the employer in framing a proper tender, and we should be slow to punish as contemptuous unassisted tenders which are not in all respects correct but made in good faith. The Board in this case, though at first refusing to assist, did finally discuss all details with the Company, reaching an agreement on some, and developing pointed differences as to others."

It will be time enough, when company and board have, after an earnest and honest effort to agree as to the meaning of the order and as to proper methods of carrying it out, found themselves unable to agree and the board is of the opinion that the company is in contempt, for us to determine on the motion of the board for

contempt whether we think there has been a willful and deliberate contempt of our decree. It will be for us then to determine whether the order is in any particular ambiguous and whether the respondent is in willful violation of it. We have settled in the Waterman case, and in N.L.R.B. v. Bell Oil & Gas Co., 5 Cir., 99 F.2d 56, that this court will not punish for contempt a mere failure to comply with its order in the face of a showing that the order was ambiguous and that the company construed it in good faith, and in good faith endeavored to comply with it.