NATIONAL LABOR RELATIONS BOARD
v. CAROLINE MILLS, Inc.
No. 12179.

Circuit Court of Appeals, Fifth Circuit.
March 18, 1948.

David P. Findling and Ruth Weyand, both of Washington, D.C., and Sidney J. Barba, of Baltimore, Md., for petitioner.

Shirley C. Boykin, of Carrollton, Ga., and John Wesley Weeks, of Decatur, Ga., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

This is another of those dreary reviews of Board proceedings presenting the question not whether the findings of fact made by the Board, as trier of the facts, on evidence presented by the Board, as prosecutor, in support of charges filed by the Board, as complainant, have been fairly, impartially, and justly arrived at, but whether they are "supported by substantial evidence on the record considered as a whole". It presents the usual picture of supporting findings arrived at by a process of quite uniformly "crediting" testimony favorable to the charges and as uniformly "discrediting" testimony opposed.

The respondent insists that the provisions[1] of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., have outmoded, if not outlawed, this method of selectively supporting a desired, if not predetermined, decision. It urges upon us that the Board's findings are not supported by "the preponderance of the testimony taken by the Board", or "by substantial evidence on the record considered as a whole". It urges upon us, too, that the evidence establishes beyond question that Mize and Jacobs were discharged for cause, Mize for disability and Jacobs for refusal to do the work assigned him, and "having been discharged for cause", the order of the Board, requiring reinstatement and back pay, was in the teeth of the statute.

We are in no doubt that the invoked provisions of the Labor Management Act were directed at these abuses of administrative expertise so-called, which the prevailing climate of Washington opinion, both Board and Court wise, has done so much to foster and encourage. Neither are we in any doubt that their total purpose has been, their effect will be, not only to proscribe bad, while prescribing good, practices for the Board, but to give the courts more latitude on review. They do not, however, provide for a hearing de novo, and we cannot on this record say that the fact findings complained of, that respondent has been guilty of unfair labor practices and that it discriminatorily discharged Mize and Jacobs, were clearly erroneous.

[1] (1) "Any such proceeding shall so far as practicable, be conducted in accordance with the rules of evidence applicable in the district courts of the United States under the rules of civil procedure for the district courts of the United States, adopted by the Supreme Court of the United States pursuant to sections 723b and 723c of Title 28."

(2) The findings and order of the Board shall be based upon "the preponderance of the testimony taken."

(3) "No order of the Board shall require the reinstatement of any individual as an employee who has been suspended or discharged, or the payment to him of any back pay, if such individual was suspended or discharged for cause."

(4) "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive."

214

As to Mize, however, we think it clear that the Board's order requiring his reinstatement may not stand, for it is established on the undisputed evidence that Mize was not only reinstated but was given a better job than the one he had when he was discharged, and that after being reinstated he voluntarily left the employment of the company. The order then will be modified by striking out the provision for reinstatement as to Mize, and, as modified, will be ordered enforced.

Respondent, in its answer to the petition for enforcement, alleges: that it has gone out of business; that its plant is in process of being dismantled; that its most desirable and essential machines have already been sold; that all of its employees have been dismissed because of this program of dismantling and selling; and that because of these facts, compliance with the Board's order for posting notices is futile and reinstatement of Jacobs is impossible.

The Board, citing our case,[2] correctly replies that whether or not Respondent is able to comply with the provisions of the Board's order is to be determined not now but later by this court upon charges made here after the parties have made an earnest and honest effort to effectuate the Board's order.[3]

Of course, if Caroline Mills has, in good faith, and not only pretendedly, gone out of business, this court will not hold it in contempt for not reinstating Jacobs. The law does not, the Board cannot, therefore, require that an employer stay in business merely in order to give employment.

Respondent's other points, that the Board has been guilty of laches in delaying from July 15, 1946, to November 21, 1947, to apply for an enforcement order, and that more than six months elapsed from the time of the discharges until the time the complaint had been filed, are without merit.

On the first point, Respondent is just as guilty of laches as is Petitioner, for the statute gives Repondent the same right to apply for cancellation of the order as it gives the Board to apply for its enforcement.

On the second point, the act limiting the time for filing complaints based upon unfair labor practices speaks prospectively and not retroactively as Respondent here contends for.

An order modified as above in respect to Mize may be presented for entry.

HOLMES, Circuit Judge.
I concur in the result.

---

[2] N. L. R. B. v. Southport Pet. Co., 5 Cir., 117 F.2d 90, affirmed Southport Pet. Co. v. N. L. R. B., 315 U.S. 100, 62 S.Ct. 452, 86 L.Ed. 718.

[3] N. L. R. B. v. Athens Mfg. Co., 5 Cir., 163 F.2d 255.