## NATIONAL LABOR RELATIONS BOARD v. FULTON BAG AND COTTON MILLS.

No. 12516.

United States Court of Appeals Fifth Circuit.

July 8, 1949.

David P. Findling, Assoc. Gen. Counsel N.L.R.B., A. Norman Somers, Asst. Gen. Counsel N.L.R.B. and Ruth Weyand, Asst. Gen. Counsel N.L.R.B., all of Washington, D. C., for petitioner.

Frank A. Constangy, Atlanta Ga. and John M. Slaton, Atlanta, Ga., for respondent.

Before HUTCHESON, SIBLEY and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge: Here, on petition to enforce its order issued against respondent on January 21, 1948, the Labor Board, by brief and argument, insists that

its findings and the provisions [1] of its order are supported by evidence and the order should be enforced.

Here, on its answer in opposition, respondent, by brief and argument, urges upon us that the findings are unsupported and enforcement of the order should be denied.

In addition it attacks findings of examiner and board, not however made the subject of any remedial order, that respondent discriminated against employees Smith, Rose, Longmire, Kelley, and Guthrie, as unsupported by charge or complaint.

Another run of the mill Labor Board case in which, in support of its organizational efforts, the union has filed charges, and the board has adopted them and issued its complaint, this case, as tried before the examiner, presented the usual charges of interference with organizational effort and discrimination against some of the organizers.

Unlike many of these cases, however, where the evidence is in conflict, the record here presents little conflict as to the facts, and the report deals not with resolving conflicts in testimony but with assigning motives and reasons for actions taken on facts as to which there is no substantial conflict.

In short, the respondent's attack upon the findings and order of the board is not predicated upon the usual complaint that examiner and board by "crediting" [2] testimony of the board's witnesses and "discrediting" that offered by respondent, decided the case against the overwhelming preponderance of the evidence and the truth and right of the case.

In respect of the discharge of Ethridge, it is that the board has, in violation of 10(c) of the National Labor Relations Act, as amended,[3] required reinstatement though the evidence establishes without dispute that she was discharged for cause, and in the case of Long that there is no substantial evidence that he was discriminated against.

In respect of the Board's finding that respondent discriminated against Smith, Rose, Longmire, Kelley, and Guthrie, its position is that this finding is contrary to law and particularly to Sec. 5(a) of the Administrative Procedure Act,[4] in that there was neither charge nor complaint of such discrimination, and respondent has been in effect condemned without a hearing by finding him guilty of charges of which he had no notice and against which he had no opportunity to defend.

As to the cease and desist provisions of the order, respondent's position is not that the statements were not made, the questions not asked as found, but that in view of Sec. 8(c) of the National Labor Board Act, as amended,[5] and respondent's policy letter of July 11, 1946, the findings are contrary to law.

■ As to respondent's position on the cease and desist orders, we cannot agree with it. It is true that the company did write a policy letter stating clearly that whether employees did or did not join the union was a matter for their own decision

---

[1] There are: (1) cease and desist from (a) discouraging membership in the Union by discharging or discriminating against any of its employees; and (b) interfering with its employees in the exercise of their right to self-organization.

(2) take the following affirmative action (a) offer Ruby Ethridge re-instatement; (b) make her whole for loss of pay; (c) make H. C. Long whole for loss of pay resulting from discrimination; (d) post notices; (e) notify the director.

[2] Cf. National Labor Relations Board v. Caroline Mills, 5 Cir., 167 F.2d 212, 213.

[3] "No order of the Board shall require the reinstatement of any individual as an employee who has been suspended or discharged, or the payment to him of any back pay, if such individual was suspended or discharged for cause", 61 Stat. 136, 29 U.S.C.A. § 160(c).

[4] 60 Stat. 239, 5 U.S.C.A. § 1004(a).

[5] "The expressing of any views, argument, or opinion, or the dissemination thereof, whether in written, printed, graphic, or visual form, shall not constitute or be evidence of an unfair labor practice under any of the provisions of this subchapter, if such expression contains no threat of reprisal or force or promise of benefit." 61 Stat. 136, 29 U.S.C.A. § 158(c).

and the company could not, and would not, interfere with that action. We think, though, that when the questions and statements complained of are taken not merely by themselves but in the connection in which they were made, it may not be said that the Board's findings, that there was interference with self-organization are without support in the evidence and the cease and desist provisions of the order are, therefore, contrary to the law.

■ Upon respondent's other points, however, we are in full agreement with it. As to the Ethridge discharge, this court, before the amendment of the National Labor Relations Act, held [6] without varying that membership in a union is not a guarantee against discharge and that when real grounds for discharge exist, the management may not be prevented because of union membership from discharging.

The amendment to the act was intended to, and did, give legislative approval to these views and corresponding disapproval to the practices of examiners and board to the contrary.

■ The evidence leaves in no doubt that this is another case, though not quite as aggravated a one, as in National Labor Relations Board v. Williamson-Dickie Mfg. Co., 5 Cir., 130 F.2d at page 265, of an employee feeling that with the union back of her and the board back of the union, she could not be discharged for cause. In view of the undisputed testimony as to the many defective bags which in the last three weeks she had continued to make, and that when bad work was brought to her and called to her attention she merely laughed, it is exceedingly difficult for us to understand how, in the light of the decisions and the act, examiner and board could, under this evidence, have reached the conclusion they did, that she could not be discharged. But understandable or not, the conclusion was certainly unwarranted, and enforcement of the order giving effect to it will be denied.

■ As to Long, here again it is difficult to understand the reasoning processes which produced the finding of discrimination. It is quite clear that they derive no support from the evidence.

■ Finally, as to the gratuitous, the volunteered findings of examiner and board, without charge or complaint to support them, that respondent discriminated in respect of Smith, Rose, Longmire, Kelley, and Guthrie, and the consequent condemnation of respondent for having done so, we find no warrant in the statute, none in the elementary conceptions of procedural justice for them. It is true that no consequences were visited upon respondent as a result of these findings, no doubt because it was clearly seen that to punish, as well as to condemn, without a charge and a hearing on the charge would be shocking to fundamental conceptions of justice. It yet remains that the findings were made with the purpose and intent that they should have some weight against, and effect upon, respondent, and respondent is entitled to have them here reviewed and disapproved.

Upon the case as a whole, we are of the opinion that the petition to the extent that it seeks enforcement of the cease and desist portions of the order should be granted, but that to the extent that it seeks enforcement of the remedial provisions by way of reinstatement and back pay, it should be denied and the order vacated and set aside.

An appropriate decree granting in part and denying in part the enforcement prayed may be presented for entry.

---

[6] National Labor Relations Board v. Goodyear Tire & Rubber Co., 5 Cir., 129 F.2d 661; National Labor Relations Board v. Riverside Mfg. Co., 5 Cir., 119 F.2d 302; National Labor Relations Board v. Tex-O-Kan Flour Mills Co., 5 Cir., 122 F.2d 433; National Labor Relations Board v. Union Mfg. Co., 5 Cir., 124 F.2d 332; Stonewall Cotton Mills v. National Labor Relations Board, 5 Cir., 129 F.2d 629; National Labor Relations Board v. Williamson-Dickie Mfg. Co., 5 Cir., 130 F.2d 260; National Labor Relations Board v. Robbins Tire & Rubber Co., 5 Cir., 161 F.2d 798; National Labor Relations Board v. Caroline Mills, 5 Cir., 167 F.2d 212; National Labor Relations Board v. Reynolds Corp., 5 Cir., 168 F.2d 877. Courts in the other circuits held to the same effect.