## NATIONAL LABOR RELATIONS BOARD
v.
## SUNNYLAND PACKING CO.
No. 14823.

United States Court of Appeals
Fifth Circuit.
April 22, 1954.

George J. Bott, Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, David P. Findling, Associate Gen. Counsel, Arnold Ordman, Robert H. Hurt, Attys., N.L.R.B., Washington, D. C., for petitioner.

Waldo DeLoache, Gibson & DeLoache, Moultrie, Ga., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

What and all that is in question in this proceeding for approval of the Board's

decision[1] and enforcement of its order is whether, upon the record considered as a whole, substantial evidence supports the Board's findings that respondent in connection with a union organizing campaign, (1) threatened its employees with reprisals and spied upon and interrogated them in violation of Sec. 8(a) (1) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (1); and (2) discriminatorily discharged employees Folsom and Williams in violation of Sec. 8(a) (1) and (3) of the Act.

The Board, in its brief and oral argument, relies on the reasoned and detailed intermediate report of some twenty pages in which the examiner, carefully and painstakingly gathering and assembling the opposed evidence, has winnowed and sifted the wheat from the straw and, leaning neither to the one side nor to the other, has searched out the path of the truth and, having found it, has followed where it led him.

The respondent, taking quite a different view, urges upon us that an impartial consideration of the testimony and particularly that of its president, Mr. Roberts, whose speech to the employees bulks largely in the record, will not support the examiner's finding that there were threats of reprisal, that, indeed, what was said was fully within, and was fully protected by, the free speech privilege.

With respect to the interrogation of employee, Hurst, the position of respondent is that on the undisputed facts it was not intended to be, it was not, coercive or repressive, it was merely a friendly chat for the purpose of obtaining information about conditions in the plant for the benefit of both respondent and its employees.

Against the charge of surveillance of a proposed union meeting by some of the so-called foremen, the respondent defends not by questioning the truth of the facts found by the examiner but by insisting that the persons responsible for the activity were not supervisors or otherwise representative of the respondent as employer, they were themselves employees and their acts were neither authorized nor ratified by the respondent so as to make them its acts.

With respect to the discharges of Folsom and Williams, the respondent, in its brief challenging the bases as the Board sets them out in its brief[2] of the finding and decision that they were discriminatorily discharged, devotes a large portion of its brief to an attempted refutation of them.

Finally, respondent points to the admitted facts of record, that both Folsom and Williams were unsatisfactory employees, both guilty of petty pilfering, "cheating the clock", and otherwise generally undesirable and to the equally undisputed fact that their discharge occurred at a time when respondent was making large reductions in its force. So pointing, respondent insists: that to find that these two "sorry" employees were discharged for union activity and not for cause is a perversion of the record; and that to require their reinstatement will subvert rather than advance the policies of the act.

Impressed as we are with the vigor and resourcefulness of respondent's counsel, both in brief and upon oral argument, where he almost had the skill to make the worse cause seem the better, and reluctant as we are to require by our decree the reinstatement of these two admittedly dishonest and trifling employees, we are yet compelled to agree with examiner and board that the evidence, circumstantial and other, supports the examiner's findings in all respects. We think it especially clear that the sequences the record reveals fully support

1. 106 N.L.R.B. No. 86.

2. "We submit that, in view of respondent's manifest union animus, the prominent part taken by Folsom and Williams in the organizational drive, their precipitate discharge a few days later, and the refusal of Parkman and Vann to assign a definite reason for their discharge" and that "in striking contrast to the reluctance of respondent's officials to state any reason for the discharges at the time they occurred, a variety of reasons was proffered at the hearing to justify their acts", and that "the several reasons assigned individually collapse upon examination."

his finding that Williams and Folsom, the spearheads among the employees, of the union drive, became marked men and as such were discharged.

Since we are of the clear opinion that the case was simply a fact case in which the evidence amply sustains the findings of the examiner, it will serve no useful purpose for us to array and discuss the evidence in respect to any of the charges. As to Folsom, the fact that once discharged for dishonesty, he was taken back on condition that he would act as a secret spy upon, and report the dishonesty of, his fellow workmen, and that when, after a week, he was again discharged, respondent, without proving that there was any of which Folsom knew, complains that he had not reported any stealing, does not in our opinion advantage respondent's side of the case.

The order will, therefore, be enforced as written without any fixed tenure being afforded Folsom and Williams thereby and without prejudice, of course, to the absolute right of Respondent at any time to discharge Folsom, Williams, or any other employee for any cause except as prohibited by the act.