**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ARMSTRONG TIRE AND RUBBER COMPANY, Tire Test Fleet Branch, Respondent.**

**No. 15635.**

United States Court of Appeals Fifth Circuit.

Dec. 21, 1955.

**160**

Rosanna A. Blake, Atty., Marcel Mallet-Prevost, Asst. Gen. Counsel, Theophil C. Kammholz, Gen. Counsel, David P. Findling, Associate Gen. Counsel, Samuel M. Singer, Atty., National Labor Relations Board, Washington, D. C., for petitioner.

Richard C. Keenan, F. A. Kullman, of Kullman & Lang, New Orleans, La., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The Board petitions for enforcement of its order issued against respondent [1] on

February 18, 1955, based on findings that respondent violated Section 8(a) (1) of the Act, 29 U.S.C.A. § 158(a) (1), by threatening a number of its employees with discharge, loss of job benefits, and the closing down of its tire testing operations, if they joined the union;[2] and promising them a pay raise, increased retirement benefits, and job security if they remained unorganized. Independent violations of Section 8(a) (3) and (1) of the Act were predicated upon the further finding that respondent discriminatorily discharged Erwin Albrecht, ostensibly for violating its policy prohibition against employees on sick leave engaging in other work, but actually, according to the Trial Examiner and Board, because of his pro-union activity during the union's organizational campaign.

Resisting the instant petition for enforcement on much the same grounds as it relied upon to defeat the remedial order before the Trial Examiner and Board, respondent here argues that it is not chargeable with the alleged coercive remarks supposedly made to its employees by Randal Scharmen, since Scharmen was not, as a matter of law, embraced within the Act's definition of a "supervisor",[3] this individual supposedly being without the required authority under that statutory definition to hire and/or fire other employees, discipline them, otherwise "responsibly to direct them, * * * adjust their grievances, or effectively to recommend such action". Alternatively, respondent insists that there is no substantial evidence to support the finding that its alleged supervisors, Scharmen and Haidet, actually made the coercive statements attributed to them, but, even assuming they were made as found, such statements do no violate Section 8(a) (1) of the Act; that further, assuming their remarks were intimidatory within the prohibition of 8(a) (1), any coercive effect thereof was subsequently dissipated

1. Respondent is a Delaware Corporation which maintains a facility at San Antonio, Texas, at which it tests tires manufactured outside Texas. The Board's jurisdiction over respondent's operations is conceded.

2. United Rubber, Cork, Linoleum & Plastic Workers of America, CIO.

3. 29 U.S.C.A. § 152(11).

and rendered innocuous by statements of respondent's managerial executives [4] to its assembled employees at a meeting held on May 11, 1953, that the employees would not suffer any discrimination because of their union activity or membership. Finally, respondent insists that the testimony reveals Erwin Albrecht was terminated for justifiable cause under the Act, because of his intentional violation of respondent's rule and policy prohibiting an employee from using "sick leave" to engage in other work; and alternatively, that Albrecht's discharge could not have been discriminatorily motivated in the absence of any convincing proof that respondent knew of Albrecht's pro-union activity prior to his discharge.

We have carefully reviewed respondent's above enumerated arguments, inter alia, in the light of the testimony and the findings of both the Trial Examiner and Board. In spite of respondent's contrary insistencies in its able and exhaustive brief, we are thoroughly convinced that this is essentially another factual dispute in which there exists the required evidentiary support for the Board's conclusions that Scharmen was a "supervisor", for whose coercive remarks respondent was answerable under the Act;[5] that the numerous statements of Haidet and Scharmen during the union's organizational campaign, threatening the employees involved with discharge and loss of benefits for union activity, closing down of respondent's tire testing operations if the union was certified, and promising them a pay raise and job protection for remaining non-union, were intimidatory and coercive under the Act and justify the 8(a) (1) violation found; that respondent's subsequent assurances of neutrality through its managerial executives at the May 11th meeting did not, in fact or in law, erase the coercive effect of these prior intimidatory statements;[6] and, finally, in view of testimony that, at the time of his discharge, Albrecht was absent on sick leave with respondent's permission and was merely working for himself, as he had apparently done before during his nonworking hours with respondent's tacit consent; respondent's failure to show that its rule or policy against such practice, if it existed, had theretofore been consistently applied; and testimony that Albrecht had had over eight years' satisfactory service before his open promotion of the union's organizational campaign and summary discharge, we think the Trial Examiner and Board were warranted in finding that respondent's asserted violation of its rule or policy prohibition as the real motivation for his termination was factually "pretextuous", and that its true reason was reprisal for his union adherence. See N. L. R. B. v. C. & J. Camp, Inc., 5 Cir., 216 F.2d 113, 115.

The findings of the Board being supported by substantial evidence on the record considered as a whole,[7] the petition for enforcement of its order is hereby granted.

Order enforced.

---

4. Vice-President Novotny and Industrial Relations Manager Vernotzy.

5. This ultimate conclusion was based generally on subsidiary findings that since Scharmen issued orders, reported driver performances, violations of driving instructions, etc., was generally regarded by other drivers as the "boss", and had been excluded by respondent from its list of employees entitled to vote in a Board election, apparently because of his record classification as a "road supervisor", he had obviously exercised independent judgment and attained such supervisory status with respondent as justified its accountability for his remarks under the Act. See International Ass'n of Machinists, etc., v. National Labor Relations Board, 311 U.S. 72, 79–81, 61 S.Ct. 83, 85 L.Ed. 50. Irrespective of this issue, however, we think the other coercive remarks of Manager Haidet, assuming exclusion of those attributable to Scharmen, are alone sufficient to support the Board's finding of respondent's 8(a) (1) violation.

6. See N. L. R. B. v. Fulton Bag & Cotton Mills, 5 Cir., 175 F.2d 675, 676–677.

7. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S. Ct. 456, 95 L.Ed. 456.