**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ECONOMY FURNITURE, Respondent.**

No. 18344.

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1960.

William J. Avrutis, Atty., Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stuart Rothman, Gen. Counsel, Frederick U. Reel, Atty., N. L. R. B., Washington, D. C., for petitioner.

R. Dean Moorhead, Austin, Tex., for respondent.

Before RIVES, Chief Judge, and BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The Board after a hearing found that the Employer had violated Sections 8(a) (1) and 8(a) (3) of the Act, 29 U.S.C.A. § 158(a) (1, 3). Once it is determined, as we do, that there was substantial evidence on the record as a whole to sustain the Board's finding as to the status of Pound as a supervisor, 29 U.S.C.A. § 152(11) (1956); N. L. R. B. v. Armstrong Tire & Rubber Co., 5 Cir., 1955, 228 F.2d 159, 161, since he was a person invested with authority effectively to recommend action in the hiring, transfer, promotion or discharge of employees, there can be no real dispute as to the further conclusion of a § 8(a) (1) violation. The evidence was adequate to warrant the Board's inference that through Pound the Employer engaged in anti-union interrogation and activities including requests that certain employees withdraw from the union. N. L. R. B. v. Dan River Mills, Inc., 5 Cir., 1960, 274 F.2d 381, 384; N. L. R. B. v. Coats & Clark, Inc., 5 Cir., 1957, 241 F.2d 556, 557; N. L. R. B. v. West Point Mfg. Co., 5 Cir., 1957, 245 F.2d 783, 785. Likewise, it is a question of fact as to whether the Employee Gonzales was discharged as found by the Board or voluntarily terminated her employment as claimed by the Employer, and if discharged whether this was done because of the union activities of such Employee. Statements made by a responsible executive officer of the Employer shortly after termination of the employment furnished an adequate basis for the Board's finding that it was a discharge for union activity. The question is not what this Court would do were the matter committed to us initially. Our function ceases when we find substantial evidence to support the conclusions of the Board considering the record as a whole. N. L. R. B. v. Ferguson, 5 Cir., 1958, 257 F.2d 88, 93.

Enforced.