**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CITY TRANSPORTATION COMPANY, Respondent.**

**No. 19138.**

United States Court of Appeals
Fifth Circuit.

May 17, 1962.

Rehearing Denied June 19, 1962.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate

Gen. Counsel, Solomon I. Hirsh, Atty., Stuart Rothman, Gen. Counsel, Samuel M. Singer, Atty., N. L. R. B., Washington, D. C., for petitioner.

George E. Seay, W. D. White, Dallas, Tex., for respondent.

Before HUTCHESON, RIVES and BELL, Circuit Judges.

PER CURIAM.

This is a petition to enforce Board orders in a case in which the Board has found violations of Sec. 8(a) (1) in the action of respondent in discriminatorily discharging certain employees and in keeping a union organization meeting under surveillance. Respondent is a franchised taxicab company in the City of Dallas, which, among other activities, is the only taxicab company serving Love Field, Dallas Municipal Airport.

Respondent vigorously resists the petition on the ground (1) that the record fails to show that the Board had jurisdiction over the controversy, and (2) that if it had jurisdiction, the record as a whole does not support the findings of the Board and its orders requiring respondent to cease and desist from the forbidden practices and to take affirmative action to remedy the discriminations.

■ Respondent's attack on jurisdiction seems to be centered more on deficiencies in the form of the findings of Examiner and Board on this point than on the absence of facts [1] showing jurisdiction.

We think it clear that the jurisdictional position of respondent is not well taken, indeed that the record shows as matter of law that there was jurisdiction. N. L. R. B. v. Fort Worth Transit Co., 187 F.2d 792 (5 Cir.); N. L. R. B. v. EL Paso-Ysleta Bus Line, Inc., 190 F.2d 261 (5 Cir.)

■ On the question of discriminatory practices, we think the record overwhelmingly supports the Board's findings and orders. Of course, the respondent is correct in its legal position that it is settled law that if the evidence shows employees are discharged for cause, the Board may not order their reinstatement. Not only are the cases so holding legion, but the statute expressly so provides.

■ When it comes, however, to the facts, respondent is not so well situated. The timing of the discharges, as well as the frivolous nature of most of the grounds asserted as reasons for discharge, clearly and fully supports the Board's conclusion. Indeed, we think that no other conclusion would be warranted than that the discharges were motivated by a desire to crush and suppress the movement by the employees then actively under way to obtain relief from what they regarded as intolerable working conditions.

■■ Nor is there any more of substance in respondent's attack upon the finding of surveillance on the ground that those conducting the surveillance were not supervisors. This is so because if surveillance is conducted by the employer for the purpose of suppressing or discouraging union activity, it is not material whether the person conducting

---

1. It was stipulated by the parties:
    (1) Gross volume of business for the preceding year exceeded $2,500,000 from operating 380 cabs and 34 limousines.
    (2) During the same period Respondent purchased:
        (a) $200,000 of replacement taxicabs from local automobile dealers;
        (b) Automobile parts of $25,000 from a local distributor who in turn had received same from outside the State of Texas.
    (3) The limousines were used in parades, funerals and special occasions or hired by individuals, but primarily were operated for the purpose of transporting passengers between Dallas Love Field Airport and the downtown area, and the gross revenue from limousines during the preceding year exceeded $100,000.
    (4) Love Field is a municipal airport out of which American, Braniff and Delta operate airplanes which transport passengers to and from Love Field and points outside Texas as well as to all points within the State of Texas having regular scheduled passenger service.

it for the employer is or is not technically a supervisor. It is sufficient to show that there was surveillance and that it was done by persons acting for and on behalf of the employer, and we think that beyond question the Board's findings of unlawful interference by surveillance is well supported on the record. N.L.R.B. v. J. H. Rutter-Rex Co., (5 Cir.), 229 F.2d 816; N.L.R.B. v. Sunnyland Packing Co., (5 Cir.), 211 F.2d 923; N.L.R.B. v. Armstrong Tire & Rubber Co., (5th Cir.), 228 F.2d 159; N.L.R.B. v. East Texas Steel Castings Co., Inc., (5th Cir.), 211 F.2d 813.

The order is

Enforced.